IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| CHEIRON NATHANIEL HAMMOND,<br><br>     Plaintiff,<br><br>     v.<br><br>OFFICER CHANEY,<br><br>     Defendant. | CIVIL ACTION NO.: 5:22-cv-8 |

**O R D E R**

This matter is before the Court on Defendant's Motion to Stay. Doc. 19. Defendant requests the Court stay proceedings in this matter until the resolution of his motion to dismiss. Id. at 1. Plaintiff did not file a response to Defendant's Motion, but instead filed a Motion for an Order Compelling Discovery. Doc. 20. For the following reasons, the Court **GRANTS** Defendant's Motion and **DENIES without prejudice** Plaintiff's Motion.

The Court has broad discretion when deciding whether to issue a stay of discovery. Rivas v. The Bank of N.Y. Mellon, 676 F. App'x 926, 932 (11th Cir. 2017). Although the party seeking a stay bears the burden of showing the stay is necessary, the Eleventh Circuit Court of Appeals has reasoned a court should typically rule on a motion to dismiss before discovery begins to avoid unnecessary costs to the parties. Carapella v. State Farm Fla. Ins. Co., No. 8:18-CV-2396-T-36, 2018 WL 7268163, at *1 (M.D. Fla. Nov. 5, 2018); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367–68 (11th Cir. 1997). For these reasons, this Court and other courts within the Eleventh Circuit routinely find good cause to stay the discovery period where there is a pending motion to dismiss. See, e.g., Diaz v. Atkinson County, No. 5:15-cv-16, 2015 WL

4507936 (S.D. Ga. July 24, 2015); Habib v. Bank of Am. Corp., No. 1:10-cv-04079, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368 ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties.")); Berry v. Canady, No. 2:09-cv-765, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter, 141 F. App'x 803, 807 (11th Cir. 2005) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].")).

When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." SP Frederica, LLC v. Glynn County, No. 2:15-cv-73, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (quoting Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).  The Court should also determine whether the parties "have any need for discovery before the court rules on the [dispositive] motion." Chudasama, 123 F.3d at 1367.  In addition, "a court must take a preliminary peek at a dispositive motion to assess the likelihood that the motion will be granted." Sams v. Ga. W. Gate, LLC, No. CV415-282, 2016 WL 3339764, at *6 (S.D. Ga. June 10, 2016). "[A] stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and truly case dispositive." Id.

Defendant has met his burden of showing a stay is necessary.  Defendant asserts his motion to dismiss will eliminate all the claims against him, obviating any need for discovery. See Doc. 19 at 1–2.  A "preliminary peek" at Defendant's motion to dismiss reveals the motion could dispose of all or most of the claims against him.  Sams, 2016 WL 3339764 at *6; Doc. 14. While ruling on the motion to dismiss is a decision for the District Judge, it appears Defendant's

motion has some merit and, if granted in its entirety, could completely dispose of the case. Doc. 14.

Plaintiff did not respond to the Motion but filed a separate Motion to Compel asking the Court to order Defendant to fully answer the interrogatories Plaintiff sent to him and to pay Plaintiff's reasonable costs in preparing his Motion. Doc. 20. However, nothing in Plaintiff's Motion convinces the Court it should deny Defendant's Motion to Stay or order Defendant to respond to discovery at this point. As explained above, the motion to dismiss could, if granted in its entirety, completely dispose of the case. This fact tips the balance in favor of staying discovery deadlines. Further, even if the Court determined a stay was inappropriate, Plaintiff's Motion is due to be denied since he failed to file a statement certifying he attempted to contact opposing counsel in a good faith effort to resolve the dispute. See Doc. 8 at 4.

Accordingly, the Court **GRANTS** Defendant's Motion to Stay and **STAYS** the discovery deadlines until the resolution of Defendant's motion to dismiss. If any claims remain pending after resolution of the motion to dismiss, this stay shall lift automatically.

Regarding Plaintiff's interrogatories, Defendant represents he timely responded to those interrogatories. Doc. 21. Defendant also asks Plaintiff's Motion to Compel be denied for failure to confer in good faith in accordance with Rule 37. Id. For these reasons, the Court the **DENIES without prejudice** Plaintiff's Motion.

**SO ORDERED**, this 9th day of September, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA