IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| CHEIRON NATHANIEL HAMMOND, | |
| Plaintiff, | CIVIL ACTION NO.: 5:22-cv-8 |
| v. | |
| OFFICER CHANEY, | |
| Defendant. | |

### REPORT AND RECOMMENDATION

This matter comes before the Court on Defendant's Motion to Dismiss. Doc. 14. Plaintiff filed a Response opposing Defendant's Motion. Doc. 17. For the following reasons, I **RECOMMEND** the Court **GRANT** Defendant's Motion to Dismiss, **DISMISS** Plaintiff's claims against Defendant for failure to state a claim, and **DIRECT** the Clerk of Court enter the appropriate judgment of dismissal and **CLOSE** this case. I further **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

### PROCEDURAL HISTORY AND BACKGROUND

Plaintiff brought this suit under 42 U.S.C. § 1983, alleging violations of his First Amendment right of access to the courts while at Coffee Correctional Facility ("CCF"). Doc. 1. Plaintiff asserted claims against Defendant Chaney and CCF, alleging they failed to deliver legal mail that led to the loss of his legal case. Id. at 7. The claims against CCF were dismissed during frivolity review, leaving only the First Amendment claims against Defendant Chaney. Doc. 7.

Defendant Chaney filed the instant Motion, asserting Plaintiff's claim was due to be dismissed.  Doc. 14.  Plaintiff responded, arguing his Complaint should not be dismissed.  Doc. 17.

## DISCUSSION

Defendant argues Plaintiff's cause of action is due to be dismissed for three reasons: (1) Plaintiff failed to state an access to the courts claim as a matter of law; (2) Plaintiff cannot recover any damages for his claim under the Prison Litigation Reform Act ("PLRA"); and (3) even if Plaintiff's claim against Defendant is allowed to proceed, Plaintiff cannot assert a claim against Defendant in his official capacity.  Doc. 14-1 at 1–2.  Plaintiff opposes all three of Defendant's bases for dismissal.  Doc. 17 at 3.

**I.      Failure to State a Claim Upon Which Relief May Be Granted**

Defendant argues Plaintiff fails to state a violation of the First Amendment right of access to the courts because he does not allege an actual injury as a result of his lack of access to his mail.  Doc. 14-1 at 4.  Plaintiff argues he has presented numerous facts of the confiscation of his legal and personal mail and, thus, Defendant's Motion should be denied.  Doc. 17 at 3.

**A.      Standard**

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scherer, 468 U.S. 183 (1984).  Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds.  Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007).  Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[1] Id. (quoting Twombly, 550 U.S. at 570). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Furthermore, "the court may dismiss a complaint pursuant to Rule 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

As for pro se plaintiffs, the Court affords a liberal construction to a pro se litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

---

[1] The Court must accept all well-pleaded facts in the complaint as true and construe all reasonable inferences therefrom in the light most favorable to the plaintiff. Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006).

3

B.   Discussion

No construction of Plaintiff's Complaint would support a cause of action for a violation of his First Amendment right of access to the courts because Plaintiff does not adequately allege an actual injury. See Allen v. St. John, 827 F. App'x 1002, 1005 (11th Cir. 2020) (citing Al-Amin v. Smith, 511 F.3d 1317, 1332 (11th Cir. 2008) ("One element of an access to court claim is 'actual injury.'")). To plead an actual injury, Plaintiff must allege he had a legitimate, non-frivolous claim he was unable to pursue due to jail personnel interference. Id. (citing Bass v. Perrin, 170 F.3d 1312, 1320 n.13 (11th Cir. 1999), and Christopher v. Harbury, 536 U.S. 403, 416 (2002)). That legitimate, non-frivolous claim "is an element that must be described in the complaint." Christopher, 536 U.S. at 415; see also Allen, 827 F. App'x at 1005 ("[Plaintiff] must 'state the underlying claim [from the earlier lawsuit] in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued' in this lawsuit, so that we can evaluate whether it was frivolous.").

Plaintiff asserts in a conclusory manner he lost "a legal case" due to the alleged interference of Defendant. Doc. 1 at 7. However, Plaintiff does not provide any information about this legal case or how interference with his mail caused him to lose that case. Indeed, it even unclear if the case was a criminal or civil case. Further, the Court cannot tell from Plaintiff's Complaint whether Plaintiff's claim or claims in that case were non-frivolous. Thus, Plaintiff has failed to allege an actual injury, and he cannot support a claim for access to the courts.

Plaintiff argues he has been injured, though by asserting he has difficulty sleeping and other physical symptoms due to stress. Doc. 17 at 3. Plaintiff's alleged injury is not the kind of actual injury that must be incurred to support an access-to-courts claim. Because Plaintiff alleges no other injury, Plaintiff plainly does not adequately plead his claim, and the Court

4

cannot re-write a prisoner's complaint for him. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) ("Although we are to give liberal construction to the pleadings of pro se litigants, we nevertheless have required them to conform to procedural rules.") (cleaned up).

Therefore, I **RECOMMEND** the Court **GRANT** Defendant's Motion to Dismiss, **DISMISS** Plaintiff's claims against Defendant for failure to state a claim, and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. Because I have recommended dismissal based on Plaintiff's failure to state a claim, I decline to address Defendant's other arguments for dismissal.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues now. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001));

see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, I **RECOMMEND** the Court **GRANT** Defendant's Motion to Dismiss, **DISMISS** Plaintiff's claims against Defendant for failure to state a claim, and **DIRECT** the Clerk of Court **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection the Magistrate Judge failed to address a contention raised in the Complaint or an argument raised in a filing must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not

meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 2nd day of February, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA